*Western District*

# No. 164

# ROBERT H. LEARNED
## v.
# KOLLMORGEN CORPORATION

Argued: Oct. 15, 1975. Decided: Feb. 23, 1976.

Case tried to *Ryan, J.,* in the District Court of Hampshire. No. 15442.

Present: Cimini, Gould, Constantino, J.J.

### This opinion has been substantially abridged.*

---

* When a case is submitted on an agreement of the basic facts which in effect is a "case stated," requests for rulings are superfluous and are usually ignored by the courts. **Chatham v. Anderson, 8 LEGALITE 66. Okum**

**Cimini, J.** This is an action of tort to recover $1875.00 as disability payments from May 9, 1973 to September 9, 1974 [under] the retirement plan of the defendant corporation. The answer is a general denial and the specific defense of payment.

The court found for the plaintiff in the sum of $1875.00.

The case was submitted on a Statement of Agreed Facts, [so far as here pertinent was] as follows:

**3.** Plaintiff entered the employ of defendant [corporation] on April 17, 1961.

**4.** On December 27, 1967, the plaintiff was injured in an industrial accident while in the course of his employment for the defendant, resulting in a ruptured intervertebral disc with complications.

**5.** As a result of said injury, the plaintiff became permanently and totally disabled from carrying on any employment and began to receive weekly workmen's compensation benefits for himself, his wife, and two children from Liberty Mutual Insurance Co., the defendant's compensation carrier, pursuant to General Laws, Chapter 152, §34 and received $62.00 per week.

**6.** On April 17, 1971, the plaintiff was an employee of the Electro-Optical Division of the defendant corporation for at least ten years, and by virtue of said employment and membership in Local #2175

Furniture Co. v. Conn. Fire Ins. Co., 19 LEGALITE 91. McNulty v. Baker Corp., 19 LEGALITE 158. Murphy v. Plymouth Nat. Bank, 22 LEGALITE 36. Galanek v. Howard Johnson, Inc., 24 LEGALITE 134. Ticknor v. Ticknor, 27 LEGALITE 206. Cobb v. Tracy, 22 LEGALITE 176. Moran v. Bates, 29 LEGALITE 118. Bankers Discount Trust v. Kaswicz, 26 LEGALITE 64. Security Safety Corp. v. Kuznicki, 31 LEGALITE 5. Mass. Gen. Hospital v. Shyne, LEGALITE 193. Associate Discount Corp. v. Woods, 41 LEGALITE 91. Clayton v. Grabel, 42 LEGALITE 190. But see: Simmons v. Cambridge Sav. Bank, 23 LEGALITE 186.

I.A.M.A.W. was thenceforth entitled to the benefits of the "Retirement Plan of [the defendant] Corporation belonging to Local 2175, I.A.M.A.W. Effective Date: November 1, 1968."

8. On and after April 17, 1971, plaintiff was receiving weekly benefits under the Workmen's Compensation Law in excess of $125.00 per month.

9. On May 9, 1973, the insurance carrier terminated the payment of weekly benefits as a result of having attained the limits of coverage under General Laws, Chapter 152, §34 and refused to commence payments under General Laws, Chapter 152, §34A until a further hearing be held before the Industrial Accident Board.

10. From and after May 9, 1973, the plaintiff continued to be permanently and totally disabled and continues to be so disabled at present.

11. Upon termination of weekly benefits by the insurance carrier, the plaintiff immediately communicated with the Personnel Manager of the Defendant corporation and requested that the Defendant commence making disability payments to him pursuant to the above-quoted provisions.

12. The defendant refused to make any such payments.

13. The plaintiff received no payments from the insurance carrier between May 9, 1973 and December 7, 1973.

14. On December 7, 1973, all claims of the plaintiff for compensation were disposed of by a lump-sum agreement.

15. The plaintiff has received no payment subsequent to May 9, 1973 other than said lump-sum payment as described in the annexed agreement.

16. Immediately after the final payment from the insurance carrier described in the annexed agreement, and periodically thereafter, the plaintiff requested

that the defendant commence payments under the above-quoted disability provisions: but the defendant has refused to make any such payment."

At the close of the evidence, the defendant filed the following requests for rulings:

1. On all the evidence, a finding is warranted for the defendant. *Denied:* See Agreed Statement of Facts.

2. On all the evidence, a finding is not warranted for the plaintiff. *Denied:* See Agreed Statement of Facts.

3. Where a lump sum settlement agreement was made of an industrial accident department form, and recited that the payment was "in redemption of the liability for all weekly payments", the settlement constituted a redemption of liability under G.L. Chapter 152, Section 48. *Gannon v. Contributory Retirement Appeal Board,* 338 Mass. 628. *Allowed.*

4. A lump sum settlement under G.L. Chapter 152, Section 48 constitutes payment in lieu of weekly payments. *Gannon v. Contributory Retirement Appeal Board,* 338 Mass. 628. *Allowed.*

5. Where a lump sum settlement is made in lieu of weekly payments, said settlement represents an aggregate of weekly payments lumped together, and should be considered a redemption of liability for those weekly payments. G.L. Chapter 152, Section 48. *Allowed.*

The court entered "Findings and Rulings" as follows:

### Special Findings of Fact

"After hearing the evidence, I find, upon all the evidence, the following facts, viz:

I adopt as my Special Findings of Fact the "Statement of Agreed Facts" executed by counsel for the parties and filed in this court February 3, 1975 as part of the record herein."

The defendant's claim [is the denials of his requests 1 and 2].

The question presented is whether [or not] the plaintiff's Workmen's Compensation benefits, received in the form of a lump sum payment pursuant to G.L.c. 152, §48, should be treated as continuing weekly benefits for the purpose of determining defendant's liability to pay plaintiff $125 per month under the private [corporation retirement] plan. If the lump sum payment is not found to be the same as a continuous schedule of weekly benefit payments, the District Court's rulings should be affirmed.

The case relied upon by the defendant is *Gannon v. Contributory Retirement Appeal Board*, 338 Mass. 628 [where] an employee of a city housing authority reached a lump sum agreement with the housing authority under G.L.c. 152, §48. The court found that a lump sum payment should be dissipated in weekly payments for the purpose of determining the injured employee's right to such a pension. That opinion, relying upon the provisions of G.L.c. 32, §14 (1) and 14 (2) titled "Workmen's Compensation Benefit Offset", provides specific directives for allocating a lump sum payment for the purposes of eligibility under the contributory retirement benefit plan.

Chapter 32 is a comprehensive statute dealing with all aspects of retirement plans for *public* employees. Unlike the retirement plan in the case at bar, it provided carefully for the contingency of a public employee receiving a lump sum payment and his continuing eligibility for other benefits less the amount he would be receiving as weekly payments from the lump sum agreement. The plan in this case does not provide for this contingency. While G.L.c. 32, §14,

provides guidance on how a properly drafted plan should deal with this situation, it does not serve to supplement the private parties' terms. Only the parties to the agreement can do that. They failed to do so.

In a very recent case decided by the Massachusetts Court of Appeals, a lump sum agreement with a second insurer would have allowed recovery from a principal insurer if the lump sum was treated differently from weekly payments. The court stated: "It commuted its liability for future payments into a single present payment. The lump sum agreement should be regarded as a substitute for continuing periodic compensation payments". *Carrier's Case,* Mass. App. Ct. Adv. Sh. (1975) 1182, 1186.

[In *Gould's Case,* 355 Mass. 66 (1968)] the court is voicing its re-affirmation of the scheme of Chapter 152 insuring the employee's full statutory benefits without consideration for other possible private benefits. In the case at bar, the Workmen's Compensation benefits have been awarded and are not in dispute. The plaintiff therefore, has recovered all he is entitled to under the statutory scheme. His entitlement to further benefits is beyond the scope of the statute and the arguments in *Gould's Case* do not apply.

Courts will prevent an offset when the employee's right to Workmen's Compensation benefits are at stake, but courts have no interest in preventing an offset when it is the private supplementary payments that will be reduced.

Turning now to the language of the contract and the applicable law, there are several principles of contract law that must be examined. First, as plaintiff points out in his brief, if the true import and meaning of the written instrument are doubtful, and the intention cannot be determined from its language, it will be construed against the party using the language. *New York Central RR v. Stoneman,* 233 Mass. 258, 262 (1919); *Barney v. Newcomb, 9 Cush.* 46

(1851). Although plaintiff's brief asserts that this principle is applicable, the evidence reveals nothing concerning the drafting of the instrument in dispute. There was no evidence before the court as to the drafting of the instrument. If it were proven or if it could be proven that the defendant submitted the words used, the case could be disposed of rather easily. A remand for such a finding is an option worth considering.

Another applicable principle and one partially recognized by the plaintiff is that if the terms are unambiguous, the contract must be enforced according to its terms. *Freelander v. G & K Realty Corp.*, 357 Mass. 512, 515-516 (1970); *Jamesbury Corp. v. Worcester Valve Co.*, 443 F 2d 205, 210 (1971). As analysis of the Workmen's Compensation cases and comparison with Chapter 32 Section 14 (2) indicate, the meaning of the words used has not been enlarged to allow a more flexible reading. The language of Chapter 32 Section 14 (2) shows in unmistakeable terms, the necessity for language providing for a lump sum agreement. The Legislature did not rely upon a flexible interpretation of compensation benefits.

Finally, if there are ambiguous terms, the court should attempt to give the contract the meaning that the parties intended. Extrinsic evidence of the surrounding circumstances may enter the court's consideration. 443 F 2d 205 at 210. The parties in the present case may be assumed to have been bargaining at arms length, the plaintiff having been represented by a union. The parties must also have been aware of the possibility of an employee receiving Workmen's Compensation benefits in a lump sum under Chapter 152 §48. This statute and Chapter 32, §14 (2) were both in existence at the time this instrument was drafted.

Under these circumstances, the parties' failure to provide for the contingency is evidence of the parties' intention to be governed by the language chosen. *Stoneman* at 262.

We conclude that since the parties could have provided for this contingency, but did not, the language must be read strictly and enforced accordingly. Consequently, plaintiff has received no "weekly benefits". Defendant's Workmen's Compensation liability is extinguished. The private Retirement Plan is in full force without set-off. And despite the appearance of unjust enrichment to the plaintiff, defendant's arguments are not persuasive.

Therefore, we think on balance that the District Court's judgment should be affirmed.

Finding no prejudicial error on the part of the trial justice, the **report is dismissed.**

Note: Judge Constantino sat in hearing on this matter—however he did not concur in the Opinion, but did not write a Dissenting Opinion.